UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN CAMPOS,<br><br>         Petitioner,<br><br>    v.<br><br>EDWARD BORLA,[1]<br><br>         Respondent. | No.  2:23-cv-1308 KJM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  This action proceeds on the amended petition filed September 18, 2023.  Petitioner challenges El Dorado County convictions and for injuring a spouse, false imprisonment, criminal threats, cruelty to a child, and assault entered March 12, 2020.  On April 27, 2020, petitioner was sentenced to a total of nine years in prison.  ECF No. 17-1.

Respondent moves for dismissal.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971).

---

[1] Warden Edward Borla is substituted as the respondent in this action pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases.

1

The only claim presented by petitioner to the California Supreme Court concerns the imposition of consecutive sentences, ECF No. 17-3, a claim not presented here. Because petitioner has not exhausted state court remedies with respect to any of the claims presented in his amended petition and fails to point to anything which might excuse his failure to present his claims to the California Supreme Court, his amended petition should be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 16) be granted;

2. Petitioner's amended petition for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 30, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
camp1308.fte.hab

3